# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| ALFRED PAPPALARDO and VERNON PRIOLEAU, <br><br> Plaintiff, <br><br> v. <br><br> ADVENT PRODUCT DEVELOPMENT, INC., GOLDSTEIN LAW OFFICES, P.C., AND RICHARD W. GOLDSTEIN, ESQ. <br><br> Defendants. | Civil Action No. 07-CV-1326 (PMD)(GCK) <br><br> Honorable Patrick Michael Duffy, U.S.D.J. <br> Honorable George C. Kosko, U.S.M.J. <br><br> **Document Electronically Filed** <br><br> Oral Argument Requested |

**DEFENDANTS ADVENT PRODUCT DEVELOPMENT, INC., GOLDSTEIN LAW OFFICES P.C., AND RICHARD W. GOLDSTEIN'S MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION TO VOLUNTARILY DISMISS THIS ACTION WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. P. 41(a)(1), TO STRIKE PLAINTIFFS' NOTICE OF VOLUNTARY DISMISSAL, AND FOR THE AWARD OF ATTORNEYS' FEES.**

> HOOD LAW FIRM LLC
> 172 Meeting Place
> Charleston, South Carolina 29401
> (843) 577-4435
> Attorneys for Defendants
> Advent Product Development, Inc.,
> Goldstein Law Offices P.C., and
> Richard W. Goldstein

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ...................................................................................................... ii

I.  PRELIMINARY STATEMENT .................................................................................... 1

II. FACTUAL BACKGROUND ......................................................................................... 2

III. PLAINTIFFS MAY NOT DISMISS PURSUANT TO FED. R. CIV. P. 41(A)(1) BECAUSE IT IS IMPROPER AT THIS POINT IN THE LITIGATION ...................... 6

    A. In Disposing of Advent's Motion to Dismiss the District Court in New Jersey considered Facts Outside the Pleadings whereby converting the Motion pursuant to Fed. R. Civ. P. 12(b)(6) into a Motion for Summary Judgment whereby Barring the Filing of a Voluntary Dismissal Pursuant to Fed. R. Civ. P. 41(a)(1) ............................................................................................. 6

    B. This Court may still grant a Dismissal without Prejudice, but in doing so should place Conditions upon such a Dismissal ................................................. 9

IV. ALTERNATIVELY, IF THE COURT GRANTS PLAINTIFFS' NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. P. 41(A)(1), THE COURT SHOULD AWARD DEFENDANTS' ATTORNEYS' FEES FOR THE FILING OF A FRIVOLOUS ACTION IN NEW JERSEY .......................................................................................................................... 10

V.  CONCLUSION ............................................................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

Agora, Inc. v. Axxess, Inc.,
    11 Fed. Appx. 99 (4th Cir. 2001) ....................................................................................... 7

Bakker v. Grutman,
    942 F.2d 236 (4th Cir. 1991) ........................................................................................... 10

Finley Lines Joint Protective Bd. Unit 200 v. Norfolk S. Corp.,
    109 F.3d 993 (4th Cir. 1997) ............................................................................................. 6

In re Kunstler,
    914 F.2d 505 (4th Cir. 1990) ........................................................................................... 10

In re Matthews,
    395 F.3d 477 (4th Cir. 2005) ............................................................................................. 6

Marex Titantic, Inc. v. The Wrecked and Abandoned Vessel,
    2 F.3d 544 (4th Cir. 1993) ............................................................................................ 6, 10

Wilson-Cook Medical v. Wilson,
    942 F.2d 247 (4th Cir. 1991) ............................................................................................. 7

## Other Authorities

Wright & Miller,
    9 Fed. Prac. & Proc. Civ. 2d, § 1366 ................................................................................. 7

## Rules

Fed. R. Civ. P. 11 ................................................................................................................... 10

Fed. R. Civ. P. 12(b)(6) .................................................................................................... passim

Fed. R. Civ. P. 41(a)(1) ................................................................................................... 1, 6, 9

Fed. R. Civ. P. 41(a)(1)(i) ..................................................................................................... 10

Fed. R. Civ. P. 41(a)(2) ........................................................................................................... 9

Rule 56 .................................................................................................................................... 7

#1198372 v2
107136-58365

## I. PRELIMINARY STATEMENT

Defendants Advent Product Development, Inc. (hereinafter "Advent"), Goldstein Law Offices, P.C., and Richard W. Goldstein, Esq. (collectively with Goldstein Law Offices, P.C., hereinafter "Goldstein") respectfully submit this memorandum of law in opposition to the motion for a voluntary dismissal without prejudice, to strike Plaintiffs' notice of voluntary dismissal and for the award of attorneys' fees.

A voluntary dismissal without prejudice is proper when it occurs prior to the filing of a responsive pleading or a motion for summary judgment pursuant to Fed. R. Civ. P. 41(a)(1). Ordinarily, the filing of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is not a responsive pleading, but can become responsive once papers that are submitted outside the complaint are presented to and not excluded by the court in disposing of this motion.

Because this action was filed in New Jersey the parties undertook substantial motion practice pursuant to Fed. R. Civ. P 12(b)(6) for the failure to state a claim upon which relief could be granted. Advent's motion sought to enforce its contractual rights under the Representation Agreement and to dismiss invalid fraud claims.

In evaluating Advent's motion to dismiss, the court was required to look beyond the pleadings and various affidavits setting forth facts before the court. Only now that the parties have undertaken substantial briefing and an oral argument hearing do the Plaintiffs seek to dismiss this action without prejudice as if nothing ever occurred in this matter. Although Plaintiffs were willing and able to proceed with this action in New Jersey, they now seek to unilaterally dismiss it without prejudice after Advent has expended a substantial amount of time and money in filing responsive pleadings to defend this action.

Allowing the Plaintiffs to merely walk away by dismissing this action without prejudice potentially could allow them to refile this action in New Jersey with the same claims by merely

realigning the parties in order to avoid the forum selection clause and continued litigation in South Carolina. Not only would this be an injustice to the Defendants, it would be a clear case of forum shopping and would defeat judicial economy. Alternatively, if this Court allows the Plaintiffs to voluntarily dismiss this action without prejudice, this Court should make it conditional upon the Plaintiffs having to refile any of the current claims against any of these Defendants in South Carolina. Additionally, even if Plaintiffs are allowed to dismiss this action, the Court should award the Defendants attorneys' fees since the filing of the New Jersey action was frivolous in light of the parties' forum selection clause leaving no legal basis for relief before the United States District Court for the District of New Jersey.

## II.    FACTUAL BACKGROUND

On September 29, 2006, Plaintiffs each filed an action in the United States District Court for the District of New Jersey, which was later consolidated. (Pappalardo Compl., Docket Entry 1, D.N.J. Civil Action No. 06-4697 (Sept. 29, 2006); Prioleau Compl., Docket Entry 1, D.N.J. Civil Action No. 06-4698 (Sept. 29, 2006); Order Granting Consolidation, Docket Entry 19, D.N.J. Civil Action No. 06-4697 (Jan. 29, 2007)). On November 27, 2006, Advent filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for the failure to state a claim upon which relief could be granted or to alternatively transfer this action to the United States District Court for the District of South Carolina as a means of enforcing a contractually agreed upon forum selection clause. (Df.'s Mot. Dismiss, Docket Entry 6, D.N.J. Civil Action No. 06-4697 (Nov. 27, 2006); Df.'s Mot. Dismiss, Docket Entry 6, D.N.J. Civil Action No. 06-4698 (Nov. 27, 2006)). Advent's motions also sought dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for the failure to set forth valid fraud claims and the fact that Advent had made all of the required disclosures under the American Inventor's Protection Act. (Df.'s Mot. Dismiss, Docket Entry 6,

D.N.J. Civil Action No. 06-4697 (Nov. 27, 2006); Df.'s Mot. Dismiss, Docket Entry 6, D.N.J. Civil Action No. 06-4698 (Nov. 27, 2006)).

The Plaintiffs' relationships with Advent are outlined in the Representation Agreements, which are the contracts for invention promotion services upon which these actions are based. (Pappalardo Amend. Compl. ¶ 16; Prioleau Amend. Compl. ¶ 17; Longstaff Decl., Ex. 1, Thurlow Decl., Ex. C; Longstaff Decl. Ex. 2, Thurlow Decl., Ex. C). It is in these Representation Agreements that Plaintiffs and Advent agreed to resolve any disputes in South Carolina. (Longstaff Decl., Ex. A). In evaluating Advent's motion to dismiss, the court considered Advent's affidavits regarding the relationships between all of the parties. These affidavits included factual information regarding statements made to the Plaintiffs by Advent about obtaining patent protection, making money, and how this was the basis that allegedly induced them into entering into these agreements. (Longstaff Decl, Ex. 3, Pappalardo Decl.; Longstaff Decl. Ex. 4, Prioleau Decl.; Longstaff Decl., Ex. 7, Mot. Dismiss Tr. 23:6-23; Pappalardo Amend. Compl. ¶ 15-20; Prioleau Amend. Compl. ¶ 16-21).

It was also prior to entering into these Representation Agreements when Advent presented Plaintiffs with the mandatory disclosure requirements, i.e. the Disclosure Statements, pursuant to the American Inventor's Protection Act. (Pappalardo Amend. Compl. ¶ 17; Prioleau Amend. Compl. ¶ 18; Longstaff Decl., Ex. 1, Thurlow Decl. ¶ 3 and 6-7; Longstaff Decl., Ex. 2, Thurlow Decl. ¶ 3 and 6-7). Advent's affidavits contradict the complaint by showing that Advent made the required disclosures by having Plaintiffs sign the required Disclosure Statements pursuant to the American Inventors Protection Act. (Longstaff Decl, Ex. 1-2, Thurlow Decl. Ex. B; Pappalardo Amend. Compl. ¶ 17; Prioleau Amend. Compl. ¶ 18). Plaintiffs also attempted to convince the court that Advent used some form of trickery in its method of obtaining their signatures on these Disclosure Statements, and that all of the required

- 3 -

disclosures were not made because Advent was affiliated with a former marketing promotion company called National Invention Services, Inc. (hereinafter "NISI"). (Longstaff Decl., Ex. 5). In response, Advent filed an affidavit explaining that it has never been associated with NISI. (Longstaff Decl., Ex. 6).

In disposing of Advent's motion, the court considered the parties' relationships, looked to the substance of the underlying contractual agreement, and interpreted the language of the Representation Agreements. (See Opin., Docket Entry 34, D.N.J. Civil Action No. 06-4697 (Apr. 30, 2007)(hereinafter "Opin.")). This interpretation required the court to look at the language in the Representation Agreements to determine if language was unambiguous, mandatory, and whether the contract even applied to this action. (Opin. at 6-9). The court looked at the factual basis underlying Plaintiffs and Advent's relationship to determine whether the Representation Agreement was entered into by fraud or overreaching. (Opin. at 6-9). The court also gave the Plaintiffs notice, during oral argument, and an opportunity to supplement their affidavits to provide the court with proof of financial hardship in order to invalidate the forum selection clause, which later was rejected by the court. (Longstaff Decl. Ex. 10-11; Longstaff Decl., Ex. 7, Mot. Dismiss Tr. 14:6-13 and 37:21-39:5; Opin. at 13-14). It was even determined that Plaintiffs, as admitted in their declarations, failed to read the Representation Agreements. (Opin. at 9). The court also found that the Representation Agreements govern this action, whereby rejecting Plaintiffs argument that these agreements did not apply because this action was based on allegedly fraudulent activities prior to entering into the Representation Agreements. (Opin. At 10-11; citing Pl.'s Br. at 7; Pl.'s Supp. Br. at 1, Docket Entry 32, D.N.J. Civil Action No. 06-4697 (Apr. 20, 2007)).

Finally, the court asked the Defendants to present evidence regarding the relationship between Advent and Richard W. Goldstein, Esq. during the oral argument of Advent's motion and permitted all parties to submit a supplemental briefing involving Goldstein's dealings with Advent. (Longstaff Decl., Ex. 7, Mot. Dismiss Tr. 34:17 to 37:17; Longstaff Decl., Ex. 7-8; Pappalardo Amend Compl. ¶8; Prioleau Amend. Compl. ¶ 8). Both Advent and Richard W. Goldstein explained that Goldstein is not under the direction or control of Advent and is not an agent, but does create a legal protection report for each Plaintiff which was sent to South Carolina to be combined with Advent's report to send to Plaintiffs in New Jersey. (Longstaff Decl., Ex. 7-8; Longstaff Decl., Ex. 7, Mot. Dismiss Tr. 34:17 to 37:17; Pappalardo Amend Compl. ¶ 8; Prioleau Amend. Compl. ¶ 8). Part of the court's basis in disposing of Advent's motion was by using these affidavits to set forth a factual basis of Advent and Goldstein's working relationship. (Opin. at 16-17).

The United States District Court for the District of New Jersey after considering all of the factual evidence before it, transferred this action and denied Advent's motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) as moot. (Opin. 18). Now the Plaintiffs seek to voluntarily dismiss this action unilaterally without prejudice and claim that they are unable to bring this action in South Carolina after the parties presented various factual evidence to the New Jersey court. (Letter from Norman E. Lehrer to the Honorable George C. Kosko (May 25, 2007)). Further, there is nothing to prevent Plaintiffs from refiling this action in New Jersey with the same counts either against all of the parties or merely against Goldstein, who is not a party to the Representation Agreements. (Longstaff Decl., Ex. 6, Ex. A-B).

### III. PLAINTIFFS MAY NOT DISMISS PURSUANT TO FED. R. CIV. P. 41(A)(1) BECAUSE IT IS IMPROPER AT THIS POINT IN THE LITIGATION

A. In Disposing of Advent's Motion to Dismiss the District Court in New Jersey considered Facts Outside the Pleadings whereby converting the Motion pursuant to Fed. R. Civ. P. 12(b)(6) into a Motion for Summary Judgment whereby Barring the Filing of a Voluntary Dismissal Pursuant to Fed. R. Civ. P. 41(a)(1).

An action may be voluntarily dismissed without prejudice under Fed. R. Civ. P. 41(a)(1) (2007):

> ... by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs .... Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice ....

This rule allows a party to dismiss an action without court approval so long as the dismissal occurs before the filing of an answer or motion for summary judgment. Finley Lines Joint Protective Bd. Unit 200 v. Norfolk S. Corp., 109 F.3d 993, 995 (4th Cir. 1997). This is self-executing document and is treated as though the parties never filed an action at all. In re Matthews, 395 F.3d 477, 480 (4th Cir. 2005). The purpose of this rule is to allow a plaintiff to dismiss an action in the early stages before the defendant has expanded time and effort to prepare a case. See Marex Titantic, Inc. v. The Wrecked and Abandoned Vessel, 2 F.3d 544, 547 (4th Cir. 1993); *citations omitted*

However, a voluntary dismissal without prejudice is not always permitted even when a formal motion for summary judgment or an answer has not been filed. See Finley Lines Joint Protective Board Unit 200, 109 F.3d at 996. If a party files a motion to dismiss, it can be converted from a motion pursuant to Fed. R. Civ. P. 12(b)(6) into a motion for summary

- 6 -

judgment. See Wright & Miller, 9 Fed. Prac. & Proc. Civ. 2d, § 1366 at 148. This first requires that there was a motion before the court pursuant to Fed. R. Civ. P. 12(b)(6). See id. This motion was filed by Advent seeking dismissal for the failure to state a claim upon which relief could be granted in order to enforce its forum selection clause and to dismiss fraud claims which were completely unsubstantiated. (Df.'s Mot. Dismiss, Docket Entry 6, D.N.J. Civil Action No. 06-4697 (Nov. 27, 2006); Df.'s Mot. Dismiss, Docket Entry 6, D.N.J. Civil Action No. 06-4698 (Nov. 27, 2006)).

The mere filing of a motion pursuant to Fed. R. Civ. P. 12(b)(6) alone will not convert the motion but requires that "matters outside the pleading are presented to and not excluded by the court ...." Fed. R. Civ. P. 12(b)(6). It does not require that the court give formal notification to the parties that the motion to dismiss is being converted into a summary judgment motion, but may implicitly convert the motion when the court considers evidence outside the face of the pleadings. Agora, Inc. v. Axxess, Inc., 11 Fed. Appx. 99, 101 (4th Cir. 2001). If affidavits are submitted in support of a motion pursuant to Fed. R. Civ. P. 12(b)(6) and considered in disposing of the motion, it will convert the motion from a Rule 12(b)(6) into a Rule 56 motion for summary judgment. Wilson-Cook Medical v. Wilson, 942 F.2d 247, 251-52 (4th Cir. 1991). This conversion will bar the filing of a notice of voluntary dismissal without prejudice. Id.

Both parties in this action filed various briefs and declarations in support and opposition to Advent's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) which were considered by the court in New Jersey prior to disposing of Advent's motion. These facts included the alleged fraudulent representations by Advent about making a lot of money and obtaining patent protection which allegedly induced Plaintiffs into entering into the Representation Agreements without reading the agreements as admitted by Plaintiffs in their affidavits. (Longstaff Decl, Ex. 3, Pappalardo Decl.; Longstaff Decl. Ex. 4, Prioleau Decl.; Longstaff Decl., Ex. 7, Mot. Dismiss

Tr. 23:6-23; Pappalardo Amend. Compl. ¶ 15-20; Prioleau Amend. Compl. ¶ 16-21). Also before the court were affidavits regarding the disclosures made by Advent in the Disclosure Statements which Plaintiffs claimed were not made. (Pappalardo Amend. Compl. ¶ 17; Prioleau Amend. Compl. ¶ 18; Longstaff Decl., Ex. 1, Thurlow Decl. ¶ 3 and 6-7, Longstaff Decl., Ex. 2, Thurlow Decl. ¶ 3 and 6-7).

The United Stated District Court for the District of New Jersey in evaluating Advent's motion to dismiss also undertook a contractual interpretation as well as giving the parties notice and the opportunity to supplement their positions with additional facts. (Longstaff Decl. Ex. 10-11; Longstaff Decl., Ex. 7, Mot. Dismiss Tr. 14:6-13 and 37:21-39:5; Opin. at 13-14). It was determined that the Representation Agreements applied to this action, which was directly contrary to Plaintiffs' arguments before the court. (Opin. at 10-11; citing Pl.'s Br. at 7; Pl.'s Supp. Br. at 1, Docket Entry 32, D.N.J. Civil Action No. 06-4697 (Apr. 20, 2007)). The parties also discussed the relationship between Advent and Goldstein during oral argument and were given notice to supplement their papers regarding the relationship. (Longstaff Decl., Ex. 7, Mot. Dismiss Tr. 34:17 to 37:17; Longstaff Decl., Ex. 7-8; Pappalardo Amend Compl. ¶8; Prioleau Amend. Compl. ¶ 8). It was explained that Goldstein was not under the direction or control of Advent, which contradicts Plaintiffs' complaints wherein they state that Goldstein is an agent of Advent. See id.

In disposing of Advent's motion to dismiss, it is clear that the court looked beyond the pleadings to consider affidavits regarding the various relationships and representations which were made between the parties. It is based on these affidavits that the court in New Jersey disposed of Advent's motion to dismiss, whereby converting it to a motion for summary judgment, with notice to the parties. Therefore, it is improper for Plaintiffs to file a notice of voluntary dismiss at this time and the request should be denied.

- 8 -

B.  This Court may still grant a Dismissal without Prejudice, but in doing so should place Conditions upon such a Dismissal.

Even if this Court does not allow the Plaintiffs to dismiss automatically pursuant to Fed. R. Civ. P. 41(a)(1), this Court still may grant a dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) (2007). Under this type of dismissal a court may order a dismissal without prejudice setting forth "terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). It was made clear during oral arguments that if this matter was transferred to South Carolina, Plaintiffs would be forced to drop the case. However, allowing Plaintiffs to merely walk away from this action by allowing a dismissal without prejudice will allow them to potentially refile this action in New Jersey by artificially realigning the parties and only suing Goldstein. Not only would this be a clear case of forum shopping, it would be inefficient for both the South Carolina and New Jersey courts. Additionally, this would be an injustice to Advent and Goldstein after meeting the requirement of presenting responsive pleadings to the New Jersey court, which were considered in order to transfer this matter to South Carolina.

Therefore, if this Court were to grant Plaintiffs dismissal without prejudice, it is respectfully requested that the dismissal be with terms and conditions requiring that any future filing of these claims against these defendants be before this Court. This will prevent inefficiency in our court system and an injustice to the defendants by Plaintiffs refiling this action in New Jersey only to go through the same motions once again.

**IV. ALTERNATIVELY, IF THE COURT GRANTS PLAINTIFFS' NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. P. 41(A)(1), THE COURT SHOULD AWARD DEFENDANTS ATTORNEYS' FEES FOR THE FILING OF A FRIVOLOUS ACTION IN NEW JERSEY**

If this Court allows Plaintiffs to dismiss this action without prejudice, they should be required to pay all of Defendants' attorneys' fees. The Fourth Circuit has acknowledged that a

- 9 -

majority of courts will allow for the imposition of sanctions under Fed. R. Civ. P. 11 (2007), even when a plaintiff dismisses an action without prejudice under Fed. R. Civ. P. 41(a)(1)(i). Martex Titantic, Inc., 2 F.3d at 547. The Plaintiffs' actions should never have been filed in New Jersey because the parties had a mandatory forum selection clause requiring that this dispute be resolved in South Carolina. (Longstaff Decl., Ex. 8, Thurlow Decl, Ex. C-D). Plaintiffs' counsel should have done its due diligence prior to filing an action in New Jersey. This due diligence would have disclosed that Plaintiffs had no legal basis for relief before the United States District Court for the District of New Jersey due to the parties' forum selection clause. See Bakker v. Grutman, 942 F.2d 236, 240 (4th Cir. 1991) (Rule 11 requires counsel to evaluate the legal and factual sufficiency of a client's claims); In re Kunstler, 914 F.2d 505, 514 (4th Cir. 1990) (a signing attorney must assure that the filings have a legal and factual basis); Fed. R. Civ. P. 11. Therefore, if this Court grants a dismissal without prejudice, it should include the payment of Defendants' attorneys' fees for the filing of a frivolous action.

#1198372 v2
107136-58365

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' motion should be denied, the notice of voluntary dismissal stricken and Defendants should be awarded attorney's fees.

Respectfully submitted,

**HOOD LAW FIRM LLC**
172 Meeting Street
Charleston, South Carolina 29401
Telephone: (843) 577-4435
Facsimile: (843) 722-1630

*Attorneys for Defendants*
*Advent Product Development, Inc.,*
*Goldstein Law Offices, P.C., and*
*Richard W. Goldstein, Esq.*

By: s/ Molly Craig
    Molly Craig (#6671)
    C. Tyson Nettles (#9569)

Dated: June 4, 2007

Carrie A. Longstaff, Esquire
Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310
(Pro Hac Vice Pending)

### CERTIFICATE OF SERVICE

I certify that on this date a copy of the foregoing was served on each party by mailing.

This 4th day of June 2007

s/ Tyson Nettles

- 11 -

#1198372 v2
107136-58365