UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **Alfred Pappalardo and** ) | Civil Action No. 2:07-1326-PMD | |
| **Vernon Prioleau,** ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| -vs- ) | **ORDER** | |
| ) | | |
| **Advent Product Development Inc.,** ) | | |
| **Richard W. Goldstein, and** ) | | |
| **Goldstein Law Offices, P.C.,** ) | | |
| ) | | |
| Defendants. ) | | |
| _____) | | |

By an Order filed in on April 30, 2007, the above-captioned matter was transferred by the Honorable Renee Marie Bumb, United States District Judge for the District of New Jersey, to the District of South Carolina. On May 21, 2007, the plaintiffs, Alfred Pappalardo and Vernon Prioleau (the "Plaintiffs"), filed a Motion to Voluntarily Dismiss this action without prejudice, pursuant to Fed.R.Civ.P. 41(a)(1). [Docket #11] In response, the defendants, Advent Product Development, Inc., Richard W. Goldstein, and Goldstein Law Offices, P.C. (the "Defendants") filed a Memorandum in opposition to the Plaintiffs' Motion.[1] [Docket #22]

On June 5, 2007, United States Magistrate Judge George C. Kosko held a status conference in this matter, and heard argument on the Plaintiffs' Rule 41(a)(1)(i) Motion to Dismiss and the Defendants' opposition thereto. At the hearing, counsel for Plaintiffs argued that their Motion to voluntarily dismiss the action pursuant to Rule 41(a)(1)(i) should be granted

---

[1] The Defendants also requested that the court strike the Plaintiffs' notice of voluntary dismissal and award attorneys' fees to the Defendants. For the reasons discussed herein, the court need not address those requests.

because that motion had been filed before the Defendants had filed an answer or motion for summary judgment. Rule 41(a)(1)(i) provides in pertinent part that "an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs[.]"

Counsel for Defendants conceded that they had not filed an answer or a motion for summary judgment, but contended that the "substantial motion practice pursuant to Fed.R.Civ.P. 12(b)(6)"[2] in the District Court of New Jersey, which had "required" Judge Bumb to "look beyond the pleadings and various affidavits"[3] had caused the court to "implicitly"[4] convert the Rule 12(b)(6) motion into one for summary judgment pursuant to Rule 56.

Contrary to the argument advanced by the Defendants, however, there is nothing in the record to suggest that Judge Bumb–either implicitly or explicitly--had converted their Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment prior to the time the Plaintiffs filed their Rule 41(a)(1)(i) motion, so as to preclude voluntary dismissal. The Defendants' counsel conceded at the hearing that Judge Bumb never gave notice to the parties that she would consider the Plaintiffs' Motion to Dismiss as a motion for summary judgment. As Professors Wright and Miller have stated: "[U]nless formally converted into a motion for summary judgment under Rule 56, a motion to dismiss under Rule 12 does not terminate the right of dismissal by notice." 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2363, at 259 (2d. ed. 1995). The "dismissal is available as a matter of unconditional

---

[2] Defendants' Memorandum [22-1] at p. 1.

[3] *Id.*

[4] Defendants' Memorandum [22-1] at p. 7.

right . . . and is self executing, *i.e.*, it is effective at the moment the notice is filed with the clerk and no judicial approval is required." *Finley Lines Joint Protective Bd. Unit 200 v. Norfolk Southern Corp.,* 109 F.3d 993, 995 (4th Cir. 1997), *citing Marex Titanic, Inc. v. Wrecked and Abandoned Vessel*, 2 F.3d 544, 546 (4th Cir. 1993) (*in turn citing Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990), *and Kenrose Mfg. Co. v. Fred Whitaker Co.*, 512 F.2d 890, 895 (4th Cir. 1972)).

The Defendants' reliance upon *Agora, Inc. v. Axxess, Inc.*, 11 Fed. Appx. 99, 101 (4th Cir. 2001) is misplaced. In *Agora*, an unpublished per curiam decision, the panel noted in *dicta* as follows:

> In reaching its judgment, the district court applied the standard applicable to Rule 12(b)(6) motions. The court did not restrict its inquiry to the face of the complaint, however, but instead examined materials furnished by the parties in conjunction with the motion to dismiss. By examining such materials, the court implicitly converted the Rule 12(b)(6) proceeding into a summary judgment proceeding. *See Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 260-61 (4th Cir.1998). <u>Neither party has raised this issue, and it does not appear that either party was prejudiced. Accordingly, reversal on this basis is not warranted.</u>[5]

The opinion in *Agora* appears to stand for the proposition that a court **cannot** implicitly convert a motion to dismiss into a motion for summary judgment.

Finally, the Defendants argued that equitable concerns mitigated against permitting the Plaintiffs to voluntarily dismiss their case after having expended time and effort litigating their Rule 12(b)(6) motion in the District of New Jersey. The undersigned does not find that such equitable concerns inform a measured reading of Rule 41(a)(1)(i). The court must give the Federal Rules of Civil Procedure their plain meaning. Indeed, in *Marex,* even though the plaintiff had been "dissembling, if not downright fraudulent," and the district court had conducted three days of hearings in which the defendant had expended considerable time and

---

[5] *Agora*, 11 Fed. Appx. at *2 (emphasis supplied by the undersigned), *citing Laughlin*, 149 F.3d at 261; *Alioto v. Marshall Field's & Co.*, 77 F.3d 934, 936 (7th Cir.1996).

effort, the court of appeals nonetheless refused to hold that a Rule 41(a)(1)(i) voluntary dismissal was unavailable to the plaintiff. *Marex*, 2 F.3d at 547.

As the court in *Finley* observed: "Rule 41(a)(1)(i) itself provides a defendant who wishes to 'avoid wasting time or money' and 'preclude future prejudice to its interests' with a simple remedy to prevent a plaintiff from sua sponte dismissing an action without prejudice: the defendant can file an answer or move for summary judgment. (Internal citations omitted). If a defendant fails to pursue this remedy, it cannot circumvent the rule simply by serving the plaintiff with a motion to dismiss, supported by extraneous materials. A plaintiff confronted with such a response is free to invoke Rule 41(a)(1)(i)." *Finley,* 109 F.3d at 997.

Finally, it must be noted that Judge Bumb ordered that the matter be transferred from the District of New Jersey, and held that the Defendants' Rule 12(b)(6) Motion was moot. In this case, when the Plaintiffs filed their notice of dismissal, the Defendants had not filed an answer or a motion for summary judgment, and therefore under Rule 41(a)(1)(i) the action is terminated.

Plaintiffs' Motion to Dismiss is **GRANTED**.

IT IS SO ORDERED.

*[signature]*
PATRICK MICHAEL DUFFY
United States District Judge

June 5, 2007

Charleston, South Carolina